| UNITED STATES BANKRUPTCY COURT | Return Date: October 27, 2009 |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK: | |
| -------------------------------X | |
| IN RE: | Case No. 09-22938 |
|     Julieth Shakes and Peter Shakes | |
|       Debtor | Chapter 13 |
| -------------------------------X | |

## NOTICE OF MOTION FOR OBJECTION TO CLAIM AND TO RECLASSIFY CLAIM AS UNSECURED

**TO ALL PARTIES:**

   **PLEASE TAKE NOTICE** upon the affidavit of Julieth Shakes and Peter Shakes will move pursuant to 11 U.S.C. Section 105(a) and 11 U.S.C. Sections §522 as follows:

| | |
|---|---|
| JUDGE: | Hon. Robert D. Drain |
| RETURN DATE AND TIME: | October 27, 2009, 10 am |
| PLACE: | U.S Bankruptcy Court<br>300 Quarropas Street<br>White Plains NY 10601 |
| RELIEF REQUESTED: | An objection to Claim #3 to reclassify a claim to unsecured and to remove lien of record for Calvary Portfolio Services LLC. |
| BASIS FOR RELIEF REQUESTED: | 11 USC §522 |

DATED: August 27, 2009
Spring Valley, NY

                                                                  /s/    Joshua N. Bleichman
                                                                  Joshua N. Bleichman
                                                                  Attorneys for Debtor
                                                                  268 ROUTE 59
                                                                   Spring Valley, NY   10977

| UNITED STATES BANKRUPTCY COURT | Return Date: October 27, 2009 |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK: | |

-------------------------------X

IN RE:  Case No. 09-22938

    Julieth Shakes and Peter Shakes

        Debtor  Chapter 13

-------------------------------X

## AFFIDAVIT IN SUPPORT OF MOTION FOR OBJECTION TO CLAIM AND TO RECLASSIFY CLAIM AS UNSECURED

      COMES NOW Julieth Shakes and Peter Shakes, the debtors herein duly sworn on our oath state that we have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, we believe them to be true.

1.      This is an application pursuant to §522 of the Bankruptcy Code to reclassify and avoid a lien which impairs the debtors' exemption for their property located at 910 Route 45, New City, NY. The claim # 3 is annexed here as Exhibit "A" in the amount of $13,998.48 of Calvary Portfolio Services LLC.

2.      On June 1, 2009 we filed a Chapter 13 Case 09-22938.

3.      Based upon an appraisal the value of the Property is $375,000.00. See Exhibit "B".

4.      A mortgage is held by Nationstar Mortgage, LLC in a filed claim # 1 in the amount of $475,932.22. See Exhibit "C".

5.      There is no equity in the property and the claim of Calvary Portfolio Services LLC is completely unsecured.

6.      According to my knowledge there is a secured claim to Calvary Portfolio Services LLC in the amount of $13,998.48. Clearly the lien impairs my exemption.

WHEREFORE, the Debtor respectfully prays that this Court issue its Order: (1) finding that notice of and opportunity for the hearing upon this motion was appropriate in the particular circumstances of this case; (2) approving this motion and removing Calvary Portfolio Services LLC.'s lien from the property and (3) granting such other and further relief as the court may deem appropriate.

Dated: Spring Valley, New York
August 27, 2009                                                                          /s/ Julieth Shakes    /s/ Peter Shakes

                                                                                 Julieth Shakes and Peter Shakes

| UNITED STATES BANKRUPTCY COURT | Return Date: October 27, 2009 |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK: | |
| -------------------------------X | |
| IN RE: | Case No. 09-22938 |
|     Julieth Shakes and Peter Shakes | |
|       Debtor | Chapter 13 |
| -------------------------------X | |

## MEMORANDUM OF LAW WITH POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO RECLASSIFY CLAIM AS UNSECURED

COMES NOW, Julieth Shakes and Peter Shakes, the Debtors in the above captioned Bankruptcy case, and files this Memorandum of Law in support of this Motion to reclassify claim # 3 as unsecured and as cause therefore would respectfully show this court as follows:

I.   OPERATIVE FACTS

The Debtor incorporates by reference verbatim the statements of fact alleged in the affirmation in support of this Motion filed herewith.

II.   ARGUMENTS AND POINTS AND AUTHORITIES

POINT I:  Calvary Portfolio Services, LLC. Lien should be reclassified as unsecured

In *Johnson v. Asset Management Group, LLC,* 226 B.R. 364 (D.Md.1998) held that a debtor may strip off the lien of a wholly unsecured junior lien secured only by her residence.

Regarding the question of whether a lien is secured or unsecured, Section 506(a) holds in relevant part: "An allowed claim of creditor secured by a lien on the property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim." Under Section 506(a), an unsecured allowed claim is bifurcated into a secured portion (that part of the claim that is secured to the extent of the value of the debtors interest in the collateral), and an unsecured portion (that which exceeds the value of the collateral). Thus a $ 1,000,000.00 claim secured by a lien on property of $ 60,000.00 is considered to be a secured claim to the extent of $ 60,000.00, and to be an unsecured claim for $ 40,000.00. U.S. v. Ron Pair Enterprises, Inc., 489 U.S. 235, 109 S. Ct. 1026, 1029, 103 L. Ed. 2d 290 (1989).

Under Section 506(a), a lien that is *secured* by the collateral is not voidable. Conversely, the portion of the lien that is not secured by the Debtors' interest in the collateral **is** voidable. Therefore, lien avoidance under Section 506 (a) and (d) is based upon whether a lien is allowable under Section 502(a), and if so, whether the allowable lien is secured or unsecured. The fact that a lien is or is not con sensual is not, in and of itself, relevant in determining the avoid ability issue. The true question in the instant case is whether the provisions of 11 U.S.C. 506 are available to Chapter 13 Debtors.

## CONCLUSION

WHEREFORE, the Debtor respectfully prays that this Court issue its Order: (1) finding that notice of and opportunity for the hearing upon this motion was appropriate in the particular circumstances of this case; (2) approving this motion and removing Calvary Portfolio Services LLC.'s lien from the property and (3) granting such other and further relief as the court may deem appropriate.

Dated: Spring Valley, New York  
      August 27, 2009

Respectfully,

_____/s/\_ Joshua N. Bleichman _____  
Joshua N. Bleichman  
Attorney for Debtors  
268 Route 59  
Spring Valley, New York 10977  
(845) 425-2510

| UNITED STATES BANKRUPTCY COURT | Return Date: October 27, 2009 |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK: | |

-------------------------------X
IN RE:                                                               Case No. 09-22938
    Julieth Shakes and Peter Shakes
      Debtor                                            Chapter 13
-------------------------------X

**Order**

      Upon application of the debtors to reclassify the claim of Calvary Portfolio Services LLC.'s lien on debtors' property to wit: 910 Route 45, New City, NY pursuant to 11 USC 364;

It is hereby ordered:

      The motion is granted;

      Calvary Portfolio Services LLC lien's on debtor's property to wit: 910 Route 45, New City, NY pursuant to 11 USC 522 are hereby reclassified as unsecured.

Dated: October_____2009                                          _____
White Plains, NY                                                  Hon. Robert D. Drain
                                                                                   Bankruptcy

CERTIFICATE OF SERVICE

STATE OF NEW YORK )
COUNTY OF ROCKLAND)

I, Joshua N. Bleichman ed to practice before this court affirms under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I have offices located at 268 Route 59, Spring Valley, New York 10977, and I served the within Motion and Memorandum of Law and Proposed Order on August 27, 2009, depositing a true copy thereof by ECF or in a post-paid wrapper, placing it in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, first class mail, addressed to the following persons:

Calvary Portfolio Services LLC.
3451 Hammond Avenue
Waterloo, IA 50702

Thomas Law Offices, PLLC
ATTN: Anne M. Thomas, Esq.
7 Skyline Drive
Hawthorne, NY 10532

Jeffrey Sapir, Ch 13 Trustee by ECF
399 Knollwood Road, Suite 102
White Plains, NY 10603

U.S. Trustees Office by ECF
33 Whitehall Street
21st Floor
New York, NY 10004

.

                                                 /s/ Joshua N. Bleichman
                                                   Joshua N. Bleichman